FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 DEC -7 AM 11: 40
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ALVIN STOKES,            )
                         )
    Plaintiff,           )
                         )
v.                       )
                         )   CASE NO. CV406-290
SAVANNAH STATE UNIVERSITY, )
BOARD OF REGENTS OF THE  )
UNIVERSITY SYSTEM OF GEORGIA, )
ARTHUR L. MONCRIEF, and  )
CARLTON BROWN,           )
                         )
    Defendants.          )
                         )

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation (Doc. 31) is **ADOPTED** as the opinion of the Court, and Defendant's Motion for Summary Judgment (Doc. 16) is **GRANTED**.

Plaintiff Alvin Stokes, former Police Chief at Savannah State University, brought the instant action claiming that he was wrongfully terminated in violation of the First Amendment and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4. He alleges that he was terminated in retaliation for his objection to Defendants' decision to place the Police Department Building under the campus master key system. Plaintiff believed that

such an action would be unlawful because it would compromise the security of confidential files, criminal evidence, weapons, and G.C.I.C. computers.[1] Plaintiff contends that Defendants fired him because he wrote several letters objecting to the master key policy. At the time of the termination, Defendant Brown was President of the university, and Defendant Moncrief was Vice-President for Business and Finance and Plaintiff's direct supervisor.

First, with respect to Plaintiff's First Amendment claim, the Court agrees with the Magistrate Judge's finding that Plaintiff was not speaking as a citizen regarding a matter of public concern. Because his speech was made as part of his official duties, he cannot show that there was a violation of his First Amendment rights. See Garcetti v. Ceballos, 126 S. Ct. 1951, 1960, 164 L. Ed. 2d 689 (2006)(holding that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline").

Second, the Court concurs with the Magistrate Judge's finding that the Georgia Whistleblower Act claim is time barred. Plaintiff received a letter of termination from Defendant

---

[1] The Georgia Crime Information Commission ("G.C.I.C.") system is used to perform criminal background checks.

2

Moncrief, his direct supervisor, on April 7, 2005. This letter stated, "I am terminating your employment . . . effective 5:00 p.m. on April 14, 2005." (Doc. 30, Ex. 6.) On August 10, 2005, Defendant Brown determined that "dismissal was an appropriate and just action" and issued a final termination. (Doc. 1 ¶ 29.) After his termination, Plaintiff followed the university appeal policy and appealed the decision to the Board of Regents, which affirmed the termination decision on November 16, 2005. Plaintiff filed the instant action on November 14, 2006.

The Whistleblower Act requires that suits be brought "within one year after <u>discovering</u> the retaliation or within three years after the retaliation, whichever is earlier." O.C.G.A. § 45-1-4(e)(1)(emphasis added).

The Magistrate Judge found that Plaintiff discovered the alleged retaliation no later than August 10, 2005, when Defendant Brown issued a final termination of Plaintiff's employment. Accordingly, the Magistrate recommended that the claim be dismissed as time-barred under the one-year statute of limitations. Plaintiff, however, contends that the final termination did not occur until November 16, 2005, when Brown and Moncrief's actions were affirmed by the Board of Regents. He therefore argues that the Complaint was filed within the statute of limitations.

The Court agrees with the Magistrate Judge that Plaintiff discovered the alleged retaliation no later than August 10, 2005. Under the plain meaning of the term "discover," Plaintiff was aware of the alleged retaliation when he received the initial letter of termination in April 2005. At the latest, he discovered the alleged retaliation when Defendant Brown affirmed Defendant Moncrief's decision to terminate him.

The parties do not cite, nor has the Court located, any Georgia case law regarding the running of the statute of limitations in the context of the Georgia Whistleblower Statute. However, under well-established federal anti-discrimination law, the accrual date of the cause of action for limitations purposes is the date on which the adverse employment action is communicated to the plaintiff, even if the plaintiff continues working for a period of time or if there is an internal appeals procedure. Delaware State College v. Ricks, 449 U.S. 250, 258, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980); Chardon v. Fernandez, 454 U.S. 6, 8, 102 S. Ct. 28, 70 L. Ed. 2d 6 (1981).

In Chardon, the Supreme Court, in a § 1983 action, held that the statute of limitations began to run when the employee was notified of the impending discharge. 454 U.S. at 8. In Ricks, the Supreme Court held that a college's denial of tenure to the plaintiff was the discriminatory "occurrence" that started the statute of limitations, even though the consequence

of that denial -- eventual termination -- did not occur for an additional academic year. 449 U.S. at 259 (Title VII case). Courts have also consistently held that resort to various independent remedies, such as a formal internal grievance procedure, does not toll the limitations period for federal discrimination claims. Id. at 261 ("[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period."); Vaught v. R.R. Donnelley & Sons Co., 745 F.2d 407, 412 (7th Cir. 1984)(resort to informal grievance procedure does not stop running of limitations period).

Accordingly, Plaintiff's claim is barred by the one-year statute of limitations. The Report and Recommendation is **ADOPTED** as the opinion of the Court. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED this 7th day of December, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA